IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GREGORY D. BARRION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:18-cv-281 (MTT) |
| | ) |
| GREGORY MCLAUGHLIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Gregory Barrion has filed three motions. For the following reasons, those motions (Docs. 93; 95; 96) are **DENIED**.

### I. MOTION FOR RECONSIDERATION

Plaintiff Gregory Barrion filed a "motion to amend judgment . . . under Rule 59(e)". Doc. 93. Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6 (emphasis added). Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate [his] prior arguments, and any arguments which the party inadvertently failed to raise earlier are

deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Barrion moves for reconsideration of the Court's Order denying his motion for summary judgment; denying the Defendants' motion for summary judgment as to the claims against Thomas, Eaddie, and McLaughlin in their individual capacities for damages based on Thomas's cross-cuffing Barrion while he was being transported from Augusta State Medical Prison to Macon State Prison on November 6, 2017; and granting the Defendants' motion for summary judgment as to all other claims.

Here, Barrion purports to base his motion on newly discovered evidence. Specifically, he claims that Federal Rule of Evidence 404(b) allows him to introduce evidence of the Georgia Department of Corrections's alleged history of draconian policies toward inmates. Doc. 93 at 1, 11-18. There are problems with that contention: his allegations regarding GDC's history are vague and conclusory; he does not specify what he intends to prove by evidence of prior specific acts, and Rule 404(b) allows such evidence only for limited purposes; Barrion makes no showing that the "evidence" on which he relies was previously unavailable despite his diligence; and even if Barrion had produced such evidence and the Court considered it, it would not change the reasoning of the Recommendation or of the Order adopting it. Barrion also claims to have found new admissions and discrepancies in the Defendants' affidavits and answers to interrogatories. *Id*. at 17. But again, Barrion fails to show or even argue that the evidence was unavailable despite his diligence.

The motion also repeats arguments from Barrion's earlier filings, but with an increased focus on Eighth Amendment caselaw. After reviewing those arguments, the

Court finds no error in the Recommendation or in the Order adopting it. Accordingly, Barrion's motion for reconsideration (Doc. 93) is **DENIED**.

## II. MOTION FOR SUMMARY JUDGMENT

Barrion also filed a motion for summary judgment. Doc. 96. This latest motion repeats the arguments of his motion for reconsideration and earlier motion for summary judgment.[1] However, dispositive motions were due by July 29, 2019, so his motion is untimely. Doc. 63. Although it is untimely, the Court may liberally construe it as a motion for reconsideration. However, for the reasons noted above, Barrion has failed to show that reconsideration is appropriate. Additionally, the motion discusses claims not at issue in this case: retaliation (Doc. 96 at 1), substantive due process (*id.* at 9), intentional infliction of emotional distress (or, in Barrion's words, "Tort of Outrage") (*id.* at 11-12), and "Humiliation" (*id.* at 14). Any retaliation claims asserted in the complaint were dismissed in December 2018. Doc. 29 at 2. To the extent that the motion for summary judgment seeks to add new claims, the Court construes it as a motion to amend. However, it is far too late to amend the pleadings to add new claims. For those reasons, the motion for summary judgment (Doc. 96), which the Court additionally construes as a motion for reconsideration and a motion to amend, is **DENIED**.

## III. MOTION TO COMPEL DISCOVERY

Barrion also filed a motion to compel discovery against McLaughlin, Eaddie, Perry, and Thomas. Doc. 95. There are several problems with that motion. First, for a court to compel the production of discovery, the plaintiff must certify in the motion that

---

[1] The main changes are increased detail regarding alleged discrepancies in statements by prison employees and a conclusion comparing the employees' conduct towards him to "the 'conduct' displayed by the Denizens of the Garden, in (Paradise)." Doc. 96 at 16.

-3-

he has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see* L.R. 37 ("Motions to compel disclosure or discovery will not be considered unless they contain a statement certifying that movant has in good faith conferred or attempted to confer with the opposing party in an effort to secure the information without court action."). Barrion has not done that. Second, the motion is untimely. Discovery closed on March 20, 2019. Doc. 15 at 17. Third, Perry is no longer a defendant. For those reasons, Barrion's motion to compel (Doc. 95) is **DENIED**.

**SO ORDERED**, this 20th day of May, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
