# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **GREGORY D. BARRION,** | ) |
| **Plaintiff,** | ) ) ) ) ) |
| v. | ) CIVIL ACTION NO. 5:18-cv-281 (MTT) |
| **GREGORY MCLAUGHLIN**, *et al.*, | ) ) ) ) |
| **Defendants.** | ) ) |

## ORDER

Plaintiff Gregory Barrion moves to proceed IFP. Docs. 105; 107. Applications to appeal IFP are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> > (A) shows . . . the party's inability to pay or to give security for fees and costs;
> > (B) claims an entitlement to redress; and

      (C) states the issues that the party intends to present on appeal.

  (2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed IFP. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.* An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

    Barrion has failed to demonstrate he is unable to pay the filing fee. As noted above, 28 U.S.C. § 1915(a) requires a prisoner seeking to appeal IFP to "submit[] an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor," and it requires that "[s]uch affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Barrion's motion does not provide a statement of his assets, so the Court is unable to determine whether he satisfies the poverty requirement.

Even if he could satisfy the poverty requirement, however, Barrion's appeal is frivolous. His only issue for appeal is:

> Trial error – misinterpretation of the facts
> Doc. 76, pg. 15 of 30: 'It is undisputed . . .'
> Defendants don't support:
> Eaddie (Interr. #6)
> McLaughlin (Interr. #9-12)

Apparently, Barrion argues the Magistrate Judge was mistaken about the origin of the cross-cuffing policy. Specifically, the Magistrate Judge found that "the practice of cross-cuffing inmates during transport at Macon State Prison was implemented in response to an incident in which an inmate slipped from his restraints and attacked another inmate." Doc. 76 at 15. The Magistrate Judge acknowledged that Defendant Eaddie suggested a different reason for the policy: "that the practice was implemented" after two Georgia Department of Corrections employees were killed while transporting inmates. *Id.* at 15 n.10. The Magistrate Judge concluded that "the important point is that cross-cuffing was introduced in response to inmate violence during travel." *Id.* The Court agrees, and Barrion has produced no evidence to the contrary.

Second, regardless of why cross-cuffing was originally implemented, Barrion has not produced evidence that the practice violates the Eighth Amendment. First, the Defendants articulated legitimate security concerns to justify cross-cuffing in at least some circumstances. Doc. 69-1 at 5-6. Second, as the Magistrate Judge concluded, there is no evidence that cross-cuffing as a general practice "was sufficiently serious to meet Eighth Amendment standards. Plaintiff's admission that the practice caused him

no pain suggests that the condition was not serious and did not pose a risk to his health and safety." Doc. 76 at 23.[1]

In short, the original reason cross-cuffing was implemented is not relevant to the Court's ultimate conclusion. Barrion has failed to produce evidence that the cross-cuffing policy in general[2] causes any harm, let alone that it meets the Eighth Amendment standard for excessive force or conditions of confinement. Also, there is clear evidence that the practice is currently enforced for legitimate security reasons. And even if the reasons why the prison first implemented cross-cuffing were relevant, which they are not, the Magistrate Judge correctly concluded that cross-cuffing was implemented in response to inmate violence during travel.

For those reasons, the Court properly adopted the Magistrate Judge's Recommendation to grant summary judgment on the claims arising from pre-injury cross-cuffing and cross-cuffing while exiting the transport van. Barrion has raised no issues with arguable merit, and the appeal is not brought in good faith. Consequently, Barrion's applications to appeal in forma pauperis (Docs. 105; 107) are **DENIED**.

If Barrion wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee.

**SO ORDERED**, this 10th day of August, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] In Barrion's deposition, the Defendants' counsel asked, "Q 'Your wrists were not or your arms—any—and no other part of your body was in physical pain on that trip from Macon State Prison to Augusta State Medical Prison?' A 'No, sir." Doc. 69-3 at 41:16-20.

[2] Barrion has produced a fact issue on whether Thomas's cross-cuffing him *after* he was injured violated the Eighth Amendment. That claim will be tried. *See generally* Docs. 76; 89.